UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 23-1129

**RASHALL M. BRACKNEY-WHEELOCK, Ph.D.,**

    **Plaintiff-Appellant,**

v.

**CITY OF CHARLOTTESVILLE, et al.,**

    **Defendants-Appellees.**

**<u>APPELLANT'S MOTION FOR RECONSIDERATION OF DISMISSAL ORDER</u>**

Pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27(b), Plaintiff-Appellant Dr. RaShall M. Brackney-Wheelock respectfully moves this Court to reconsider its December 30, 2024, Order dismissing this appeal for failure to prosecute. The following detailed grounds and authorities support this motion:

**I. INTRODUCTION**

The Court's dismissal of this appeal warrants reconsideration because it imposes an ultimate sanction in response to technical filing issues that Appellant consistently worked to remedy in good faith. The United States Supreme Court has long recognized that dismissal with prejudice is a particularly severe penalty that should be imposed only in extreme circumstances. See *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 643 (1976). As detailed below, the circumstances of this case do not rise to the level warranting such a severe

sanction, particularly given Appellant's demonstrated commitment to compliance and the presence of all required submissions in the record.

## II. PROCEDURAL HISTORY

The record demonstrates Appellant's consistent engagement with the appellate process and good faith efforts to comply with all Court requirements. This appeal was properly docketed on February 6, 2023, with all required initial filings (Doc. 1). Throughout the pendency of this appeal, Appellant has responded promptly to every notice from the Court regarding filing requirements. These responses have included multiple submissions of corrected joint appendices addressing technical specifications, timely responses to all Rule 45 notices, and proper submission of digital media volumes, with only ordering discrepancies in the table of contents.

## III. LEGAL STANDARD

### A. Dismissal as an Extreme Sanction

This Court has consistently held that dismissal for failure to prosecute is an extreme sanction that should be employed only in the most egregious cases. See *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (emphasizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly). Before imposing such a severe sanction, courts must consider several critical factors. The first factor requires examination of the degree of personal responsibility on the part of the plaintiff. The second factor necessitates evaluation of any prejudice to the defendant caused by the delay. The third factor involves consideration of whether there exists a drawn-out

history of deliberately proceeding in a dilatory fashion. Finally, courts must assess the effectiveness of sanctions less drastic than dismissal. See Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982).

### B. Good Faith Compliance Standard

This Court recognizes that good faith efforts to comply with court requirements weigh heavily against dismissal. See *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993) (holding that dismissal is inappropriate where the party has demonstrated a commitment to moving the case forward). Moreover, technical filing deficiencies, as opposed to substantive ones, generally should not form the basis for dismissal where the party has attempted to cure them. See *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974).

## IV. ARGUMENT

### A. Appellant's Actions Demonstrate Consistent Good Faith Compliance

The record in this case demonstrates Appellant's good faith efforts to comply with all Court requirements and move this appeal forward expeditiously. Throughout this appeal, Appellant has responded to each notice from the Court within the specified time frames outside of one submission that was a mere 41 minutes late due to technical difficulties with uploading content to the courts' online system. As a result, this consistent responsiveness directly contradicts any finding of failure to prosecute. See *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (finding dismissal inappropriate where appellant maintained active engagement with the Court).

Furthermore, the substance of all required materials has been properly filed with the Court. These materials include a complete Joint Appendix, properly formatted briefs, the Digital Media Volume with required content, and a Table of Contents containing all necessary information. The Fourth Circuit has repeatedly held that such technical deficiencies should not form the basis for dismissal. See *Anderson v. Foundation for Advancement, Education and Employment of American Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (technical filing deficiencies do not warrant dismissal where substance is present).

Any submission issues have been technical rather than substantive, primarily involving the ordering of materials rather than their absence. While present in the submission, the Digital Media Volume Table of Contents appeared in a different order than anticipated. This technical ordering issue does not rise to the level of a substantive deficiency warranting dismissal, particularly given Appellant's prompt attempts to address and correct any identified issues.

### B. No Prejudice to Appellees

The record contains no evidence that Appellees have suffered any prejudice from the technical filing issues that arose. The Supreme Court has emphasized that absence of prejudice to the opposing party is a significant factor weighing against dismissal. See *Link v. Wabash R. Co.*, 370 U.S. 626, 634-35 (1962). In the present case, all substantive materials have been available to Appellees throughout the proceedings, and any technical deficiencies in filing have not impeded Appellees' ability to respond or participate fully in the appeal process.

### C. Less Drastic Alternatives Are Available

The Fourth Circuit has consistently held that courts should consider less drastic alternatives before imposing the severe sanction of dismissal. See *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). In the present case, several appropriate alternatives exist that would better serve the interests of justice while ensuring compliance with Court requirements. The Court could allow Appellant to correct any remaining technical issues with specific guidance regarding the precise deficiencies to be addressed. Additionally, the Court could impose a reasonable deadline for final technical corrections, ensuring prompt compliance while preserving the substantive appeal. Finally, the Court could require additional certification of compliance to ensure all technical requirements are met going forward.

## V. CONCLUSION

Based on the foregoing authorities and arguments, Appellant respectfully submits that reconsideration of the dismissal order is warranted. The Court should vacate its Order of dismissal dated December 30, 2024, and reinstate this appeal to active status. Upon reinstatement, Appellant requests that the Court provide specific guidance regarding any technical requirements that need to be addressed and set reasonable deadlines for addressing any remaining technical issues. The interests of justice and the Fourth Circuit's strong preference for resolving cases on their merits support granting this motion. See *United States v. Shaffer Equipment Co.*, 11 F.3d 450, 453 (4th Cir. 1993) (emphasizing the strong policy that cases be decided on their merits).

Dated: January 29, 2025

       Respectfully submitted,

/s/<u>Charles Tucker, Jr., Esq.</u>
Charles Tucker, Jr., Esq. (Bar: 993515)
8181 Professional Pl. Suite 207
Hyattsville, MD 20785
E-mail: charles@tuckerlawgroupllp.com
Tel.: (301) 577-1175


Attorney for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all registered users.

                                          */s/Charles Tucker, Jr., Esq.*
                                          Charles Tucker, Jr., Esq. (Bar: 993515)
                                          8181 Professional Pl. Suite 207
                                          Hyattsville, MD 20785
                                          E-mail: charles@tuckerlawgroupllp.com
                                          Tel.: (301) 577-1175

                                          Attorney for Plaintiff-Appellant